# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DEXTER W. WHITE,**

    **Plaintiff,**

vs.                                                  Case No. 4:13cv79-WS/CAS

**BURLINGTON COAT FACTORY,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Pending is Plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983. Doc. 1. Because Plaintiff did not pay the filing fee at the time of case initiation, nor did Plaintiff submit a motion seeking leave to proceed in forma pauperis, an Order was entered directing Plaintiff to correct that deficiency on or before March 27, 2013. Doc. 3. Alternatively, Plaintiff was advised to file a notice of voluntary dismissal. *Id.* Plaintiff did not take any of the available actions but he has filed a notice of change of address, doc. 4, which indicates Plaintiff has been released from prison. In light of Plaintiff's release from prison, the clerk was directed to provide Plaintiff with a financial affidavit for use by non-prisoners and Plaintiff was given until May 6, 2013, in which to either pay the filing fee or submit a motion seeking leave to proceed in forma pauperis. To date, no response has been received from the Plaintiff.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991). Also, Federal. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838(11th Cir. 1989), cert. denied, 493 U.S. 863 (1989), and cases cited; Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Since Plaintiff has failed to comply with a court order or prosecute this case, this action should now be dismissed.

Plaintiff shall have a 14 day period after service of this report and recommendation in which to file objections. This will also afford Plaintiff a final opportunity to show good cause for his failure to respond. Alternatively, Plaintiff may also file a "motion for reconsideration" which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice.**

**IN CHAMBERS** at Tallahassee, Florida, on May 10, 2013.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:13cv79-WS/CAS